UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIAM THROWER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-285-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

William Thrower is a federal inmate presently confined at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"). Prior to his transfer to FCI-Talladega, Thrower has been confined in various other federal correctional institutions, including the Medical Center for Federal Prisoners located in Springfield, Missouri ("FMC-Springfield"). While housed at FMC-Springfield, Thrower, proceeding *pro se*, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, in the Western District of Missouri on July 21, 2011. *See William Thrower v. United States of America, et al.*, No. 11-3268-CV-S (W.D. Mo. 2011) [R. 1]. On August 25, 2011, the Western District of Missouri transferred the action to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404. [R. 3]. On October 19, 2011, that Court severed Thrower's claims relating to events which transpired at USP-Lewisburg and transferred the remaining claims, which arose from an incident(s) and/or conduct occurring at USP-McCreary, while Thrower was confined there, to this Court pursuant to 28 U.S.C. § 1406(a).[1] [R. 13; R. 14].

---

[1] In April of 2009, Thrower was transferred from USP-McCreary to the United States Penitentiary-Lewisburg ("USP-Lewisburg"), located in Lewisburg, Pennsylvania. Thrower

As to the claims relating to USP-McCreary, Thrower alleges that on or about August 22, 2008, he was injured in a slip-and-fall incident while working in the kitchen at USP-McCreary. Thrower also claims that prison personnel used excessive force and "tossed me into the back seat" of a van in order to transport him to a medical facility for treatment after the slip-and-fall incident at the prison, causing him further pain. [R. 1 at 4]. Second, Thrower alleges that on a separate occasion, during the time he had been placed in the Special Housing Unit at USP-McCreary, prison personnel placed an intoxicated inmate in his cell who, once his handcuffs had been removed, attacked him. Third, Thrower alleges that on yet another occasion he was placed in four-point restraints after he informed an officer that he had a bottom bunk pass. [R. 1 at 5]. Fourth, Thrower contends he was transferred to the Special Management Unit at USP-Lewisburg without a proper pre-transfer hearing.

The Court screens complaints filed by prisoners which assert claims against governmental entities or employees, pursuant to 28 U.S.C. § 1915A(a), which requires a district court to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Id.*; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). For the reasons stated below, all claims raised herein will be dismissed.

**I**

On page 1 of his Complaint, Thrower clearly indicates that he filed this action pursuant to the FTCA, 28 U.S.C. §§ 2671-80. [R. 1, page 1]. Title 28 U.S.C. § 1346(b) grants the federal

---

arrived at USP-Lewisburg on April 15, 2009. See *William Thrower v. United States of America, et al.*, Civil Action No. 1:11-CV-1663 (M.D. Pa.) [R. 43, ¶ 24; R. 50, ¶ 24 therein].

2

district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and "render[ed]" itself liable. *Richards v. United States*, 369 U.S. 1, 6 (1962). The FTCA is within that category of claims.

However, a fair reading of the Complaint suggests that in addition to his FTCA claim, he is also attempting to assert, within this FTCA action, constitutional claims pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* claim is an implied right of action allowing plaintiffs to sue federal agents acting under color of federal authority for civil rights violations. It is analogous to its statutory cousin, 42 U.S.C. § 1983[2], which allows federal suits against state agents who commit civil rights violations while acting under color of state law. The required elements of a *Bivens* claim are (1) the conduct complained of was by a person acting under color of law, and (2) the conduct deprived that person of a right, privilege, or immunity secured by the Constitution. *See*, *e.g.*, *Grohman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (describing elements of a § 1983 claim).

"[A] *Bivens* action does not lie against either agencies or officials in their official capacity." *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). This well-settled rule of law is

---

[2]Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

because a suit against a federal agency or a federal official in his or her official capacity is essentially a suit against the United States. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61 (1989). As a sovereign, the United States is immune from suit except when it consents to abrogate that immunity. The immunity is jurisdictional in nature. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

## II

### A

The Court first considers Thrower's *Bivens* claims. Regardless of the merit any of Thrower's *Bivens* claims may have, these claims cannot be considered within the confines of Thrower's FTCA action. Thrower is free to file such claims in a separate action, and it appears that he has already done so. On July 13, 2011, one week before he filed the present FTCA action, Thrower filed a separate action seeking injunctive relief in the Western District of Missouri. *Thrower v. US Bureau of Prisons, et al.*, No. 11-3267-CV-S-DW-P (W.D. Mo. 2011).[3] In an Amended Complaint filed on August 22, 2011, Thrower named the Warden at USP-McCreary, the Warden at USP-Lewisburg, EMS, *et al.*, as additional defendants therein. [*Id.* at R. 7 therein] As it did with the present action, on September 21, 2011, the court in the Western District of Missouri transferred this action to the Middle District of Pennsylvania. *Thrower v. Bureau of Prisons*, No. 1:11-CV-1759 (M.D. Pa. 2011). That court, in turn, transferred that action to this Court on October 24, 2011. *Thrower v. US Bureau of Prisons*, No. 6:11-CV-291-GFVT (E.D. Ky. 2011).

---

[3]The Court may take judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201, and has the inherent authority to take judicial notice of official court records. *United States v. Warwick*, 149 F. App'x 464, 467 (6th Cir. 2005).

4

Subsequently, in a Memorandum Opinion and Order entered on May 31, 2012, this Court screened and considered the merits of Thrower's *Bivens* claims raised in *Thrower v. US Bureau of Prisons*, No. 6:11-CV-291-GFVT (E.D. Ky. 2011). [R. 25 therein]. For the reasons stated, the Court dismissed with prejudice any and all *Bivens* claims asserted therein related to events occurring at USP-McCreary involving Thrower in 2008 and 2009, prior to his transfer to USP-Lewisburg, and entered judgment in favor of the defendant Warden at USP-McCreary. [R. 25 therein; R. 26 therein]. Thrower appealed that dismissal to the United States Court of Appeals, but on September 11, 2012, his appeal was dismissed for want of prosecution. [R. 29 therein].

For these reasons, the Court need not consider Thrower's *Bivens* claims raised in this FTCA action because these same claims were previously considered and dismissed in the foregoing action, *Thrower v. US Bureau of Prisons*, No. 6:11-CV-291-GFVT (E.D. Ky. 2011). [R. 25 therein]. These same *Bivens* claims must be dismissed from the present action under the doctrine of *res judicata*. Where there has been a prior decision on the merits of a claim raised in another proceeding, the parties are bound by that decision. *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009). Thus, under the doctrine of *res judicata*, Thrower is bound by the Court's prior ruling on these same claims raised in *Thrower v. US Bureau of Prisons*, Civil No. 11-CV-291-GFVT, and he may not relitigate those same claims in this action. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).

**B**

The Court now turns to Thrower's FTCA claim. The initial inquiry is whether Thrower has exhausted his administrative remedies vis-a-vis the FTCA claim. "The FTCA contains a jurisdictional exhaustion component." *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531

5

F.2d 1227, 1231 (3d Cir. 1976). First, a claim under the FTCA may only be asserted against the United States. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States.").[4]

Second, a person may not file suit under the FTCA until he has presented a claim to the agency for possible settlement and the agency has denied the request. 28 U.S.C. § 2675(a). *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002); *Accolla v. U.S. Gov't.*, 369 F. App'x 408 (3d Cir. 2010). *See also McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If the agency does not act within six months, the failure to issue a decision may be treated as a final decision by the claimant. *See id*.

The exhibits attached to Thrower's Amended Complaint reflect that he filed Form 95 with the BOP on July 20, 2010, wherein he complained of his placement in four-point restraints, transfer to the SMU without a proper hearing, and a head injury from an assault after he was transferred to USP-Lewisburg. [R. 24-1, p. 54]. The BOP identified that claim as Administrative Claim No. TRT-NER-2010-06076. Subsequently, Thrower filed another Form 95, expressly stating: "This is an amendment to Claim #TRT-NER-2010-06076." [R. 24-1, p. 52]. On January 21, 2011, the BOP denied Thrower's tort claim, acknowledging that Thrower was seeking compensatory damages for his being assaulted by another inmate, but that he was not making

---

[4]For this reason, by Order of December 7, 2011, the Court dismissed the Bureau of Prisons and the Warden of USP-McCreary as defendants because they were not proper parties to this FTCA action. [R. 19]

any claims regarding the medical care received following the incident. The BOP's denial letter further stated:

> . . . Investigation reveals staff responded promptly and provided emergency care. There was [sic] no documented issues suggesting a separation concern between you and your cellmate. There is no evidence to suggest you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee. Accordingly, your claim is denied.

[R. 24-1, p. 53].

Thus, Thrower's negligent failure to protect claim is fully exhausted, entitling him to bring a complaint for judicial review of the BOP's denial of his FTCA claim. The analysis of this claim starts with the fundamental principle that the United States government may not be sued without its consent. *United States v. Orleans*, 425 U.S. 807, 814 (1976) (observing that "the United States can be sued only to the extent that it has waived its immunity"). Pursuant to the FTCA, the United States has consented, subject to certain exceptions, to suit for damages for personal injuries caused by the negligence of government employees acting within the course and scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2671–2680.

A significant limitation on the scope of the FTCA's waiver of sovereign immunity is the discretionary function exception, 28 U.S.C. § 2680(a), which provides that the United States has not consented to suit where the claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Because the United States has not waived its sovereign immunity with respect to discretionary functions, courts lack subject matter jurisdiction over acts falling within the discretionary function exception. *Rosebush v. United States*, 119 F.3d 438, 440 (6th Cir.1997).

To determine whether the discretionary function exception to the waiver of immunity applies, a court must determine (1) whether the act involves an element of judgment or choice, rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) even if the challenged conduct involves an element of judgment, whether that judgment is of the kind that the discretionary function exception was designed to shield. *Mitchell v. United States*, 225 F.3d 361, 363 (3d Cir. 2000).

The BOP conduct at issue in this case—the alleged failure to protect Thrower from his assailant - is governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. *See* 18 U.S.C. § 4042(a)(2), (3). This statute leaves the implementation of these duties to the discretion of prison officials and "how best to protect one inmate from the threat of attack by another is of the kind that the discretionary function exception was designed to shield." *Donaldson v. United States*, 281 F. App'x 75, 76-78 (3d Cir. 2008); see also *Rinaldi v. United States*, 460 F. App'x 80 (3d Cir. 2012). There is no federal statute, regulation or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates. *Rinaldi*, 460 F. App'x at 81.

Courts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception. *See Whitley v. Albers*, 475 U.S. 312 (1986); *Rinaldi*, 460 F. App'x 80; *Montez v. United States*, 359 F.3d 392 (6th Cir. 2004); *Mitchell*, 225 F.3d 361; *Cohen v. United States*, 151 F.3d 1338 (11th Cir. 1998); *Calderon v. United States*, 123 F.3d 947 (7th Cir. 1997). These cases demonstrate that measures taken by BOP officials with respect to inmate safety from attacks by other inmates involve an element of judgment or choice. "[E]ven if § 4042(a) imposes on the BOP a general

8

duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." *Cohen v. United States*, 151 F.3d at 1342.

As to the second prong, as noted *supra*, a judgment as to how best to protect one prisoner from attack by another is of the kind that the discretionary function exception was designed to shield. *Mitchell*, 225 F.3d at 363; *see*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security); *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (prison officials have discretionary power over the safety of the institutions they operate).

Because both prongs of the two-part test are satisfied, Thrower's negligent failure to protect claim is barred by the discretionary function exception to the FTCA. As seen in *Rosebush v. United States,* 119 F.3d 438, 440 (6th Cir. 1997), a federal district court lacks subject matter jurisdiction over acts falling within the discretionary function exception.

## III

Because the Court lacks subject matter jurisdiction to entertain Thrower's FTCA claim, the Complaint will be dismissed, and judgment entered in favor of the United States.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Thrower's Complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is **DISMISSED WITH PREJUDICE**.

2. This proceeding is **STRICKEN** from the Court's active docket.

3. The Court will enter an appropriate judgment.

This the 28th day of October, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge